By the Court:

Monell, J.
The action in this case is one of the class in which the cause of action and the facts which authorize the arrest are the same. In such actions the court will not, ordinarily, try the merits upon a motion to vacate the arrest.
The true rule is, or should be, that if the original affidavits make out a prima facie case against the defendant, of a cause of action authorizing an arrest, the court will not set aside the order, except where the proof adduced by the defendant is so clearly preponderating as to leave no reasonable doubt of his success upon the trial.
And another rule, I think, should be that when the court at Special Term shall have determined that there was or was not a clear weight of evidence in favor of the defendant, the court at General Term ought not to disturb such determination, applying *694 .tb such decision the rule which governs the General Term upon findings of fact on the trial of an action.
Applying, then, these rules to the case before us, we should not disturb the decision below so far as it discharges- the defendant Glow from the arrest.
The evidence charging upon him any conspiracy to defraud is altogether too slight to hold him, and a verdict against him, upon such evidence, I think the court would be bound to set aside.
A very different case, however, is presented against the defendant Peck.
There cannot be a doubt that he committed a great fraud. He received the shares of stock through the mail,- and on the, same day' (for it was posted to him on the evening of the 1st, and transferred by him on the 2d) signed a power of attorney in blank, and sold the stock to Clow.
It would be in vain for him to assert his innocence in the transaction. Ho one would believe him; and his feeble attempt at justification, by swearing that he sold the stock to Glow, “ without any knowledge or intimation from any source whatever that the said certificate was not honafide his legitimate and lawful property,” adds to, rather than diminishes, the strength of the charge.
He Imew the stock was not his property, and instead of, like an honest man, endeavoring to ascertain and correct the mistake, he dishonestly forged the name of the true owner, and, with intent to deceive and defraud some one, sold and transferred the stock.
- Such a signing of the name of the true owner was a forgery (2 Pars. on Prom. Notes, 584; Graves v. Am. Ex. Bk., 17 N.Y.R., 205; People v. Krummer, 4 Park. Cr., 217.)
By means of which forgery, the defendant Peck has made himself liable, and the question is whether these plaintiffs can maintain the action.
There can be no doubt that Clow, who transferred the stock to the plaintiffs, is liable to them, upon his implied warranty of the genuineness of the transferrer’s signature to the power of attorney. This is upon the principle of implied guarantees in *695 negotiating bills and notes. Nor can there be a doubt that Clow could recover from Peck for the fraud.
Why not, then, the plaintiffs? Peck intended to injure some one, and he did injure the plaintiffs; and having done a wrong, he should be held responsible for such wrong to any one who by means of it has been injured.
The principle which holds Peck is analogous to that which governs notes and bills, where a person paying value for a forged bill may recover from any party warranting the bill either expressly or by implication of law (2 Pars. on Prom. Notes, 601; Coggill v. Am. Ex. Bk., 1 N. Y. R., 113); or where the maker of a note puts it in circulation with a forged indorsement of the payee’s name, a bona fide holder may recover against the maker as upon a note payable to bearer (Foot v. Meacker, 3 Hill, So. Car., 227; and Riley’s Law Cases, 248).
There is another analogy in principle between Peck’s liability and the class of cases where consequential damages are recoverable for injuries arising, not immediately from the act, but in consequence of it, as where an obstruction is wilfully or wrongfully placed upon the highway, and a wayfarer falls upon it. There the injury being the consequence of the unlawful act, although not immediately arising from it, an action will lie against the wrong-doer.
So in this case the injury to the plaintiffs was in consequence of the unlawful act of Peck; and he who did the wrong must be held responsible for all injuries arising from it, whoever may be the injured person.
The complaint in the action is not before us, and we do not know what cause of action is stated, but I cannot see any difficulty, upon the facts, of sustaining an action against Peck for firaud and deceit, under the last paragraph in the fourth subdivision of section 179 of the Code, and in such an action he can be held to bail.
I am in favor, therefore, of affirming the order as to the defendant Clow and reversing it as to the defendant Peck.